Slip Op. 17-10

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| IKEA SUPPLY AG,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>and<br><br>ALUMINUM EXTRUSIONS<br>FAIR TRADE COMMITTEE,<br><br>      Defendant-Intervenor. | Before: Richard W. Goldberg, Senior Judge<br>Court No. 15-00152 |

**OPINION AND ORDER**

[Plaintiff's motion for reconsideration is denied.]

Dated: February 3, 2017

  *Kristen S. Smith*, *Arthur K. Purcell*, *Mark R. Ludwikowski*, and *Michelle L. Mejia*, Sandler Travis & Rosenberg, P.A., of Washington, DC, for plaintiff.

  *Douglas G. Edelschick*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of Counsel on the brief was *James H. Ahrens II*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

  *Alan H. Price*, *Robert E. DeFrancesco, III*, and *Derick G. Holt*, Wiley Rein LLP, of Washington, DC, for defendant-intervenor.

  Goldberg, Senior Judge: On July 5, 2016, this court sustained the determination of the U.S. Department of Commerce ("Commerce") that the scopes of two antidumping and countervailing duty orders ("the Orders") include cabinet/drawer handles imported by Plaintiff

IKEA Supply AG ("IKEA").  *See IKEA Supply AG v. United States (IKEA Supply II)*, Slip Op. 16-66, 2016 WL 3670476 (CIT July 5, 2016).  Also on July 5, 2016, this court issued an opinion in a separate case that sustained Commerce's determination that the scopes of the Orders cover IKEA's imported towel racks. *See IKEA Supply AG v. United States (IKEA Supply I)*, 40 CIT __, 180 F. Supp. 3d 1202 (2016).  In *IKEA Supply II*, this court adopted the reasoning of *IKEA Supply I* to conclude that the Orders, which deal with aluminum extrusions from the People's Republic of China, cover the cabinet/drawer handles at issue in *IKEA Supply II* for the same reasons that the Orders covered the towel racks at issue in *IKEA Supply I*.

On August 4, 2016, IKEA invoked USCIT Rule 59 in moving for reconsideration of *IKEA Supply II*.  Pl. Mot. for Reconsideration of J. on the Agency R., ECF No. 38; Br. in Supp. of Pl. Mot. for Reconsideration of J. on Agency R., ECF No. 38-1 ("IKEA Br.").  In its motion to reconsider *IKEA Supply II*, IKEA maintains that "the court based its ruling on another ruling that requires reconsideration [*i.e.*, *IKEA Supply I*]; therefore, reconsideration of . . . [*IKEA Supply II*] is necessary to prevent a manifest injustice."  IKEA Br. 2.  IKEA also insists that "Commerce erred in its determination that the cabinet/drawer handles are within the scope of" the Orders.  IKEA Br. 3.  According to IKEA, the alleged error is that the "cabinet/drawer handles meet all of the elements to be excluded from the scope of [the Orders] as a 'finished goods kit.'"  *Id.*

On October 31, 2016, Defendant United States ("the Government") filed a response in opposition to IKEA's motion for reconsideration.  Def. Resp. to Pl. Mot. for Reconsideration, ECF No. 45 ("Gov't Resp.").  Defendant-Intervenor Aluminum Extrusions Fair Trade Committee joined the Government's opposition to IKEA's motion.  Def.-Intervenor Resp. to Pl. Mot. for Reconsideration, ECF No. 46.

The court presumes familiarity with the prior proceeding, *IKEA Supply I*, and *IKEA Supply II* and denies IKEA's motion for reconsideration.

### DISCUSSION

This court has discretion to grant or to deny a motion for reconsideration. "The major grounds justifying a grant of a motion to reconsider a judgment are an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006). However, "[t]he purpose of a rehearing is not to relitigate the case." *Asociacion Colombiana de Exportadores de Flores v. United States*, 22 CIT 724, 725, 19 F. Supp. 2d 1116, 1118 (1998). Rather, the purpose is "to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result." *Target Stores, Div. of Target Corp. v. United States*, 31 CIT 154, 159, 471 F. Supp. 2d 1344, 1349 (2007) (citation omitted).

Here, there is no proof that IKEA satisfied any of the foregoing grounds for reconsideration. IKEA cites no intervening change in controlling law, no new evidence, no clear factual or legal error, and no instance of manifest injustice.

As explained above, IKEA first insists that reconsideration of *IKEA Supply II* is necessary because the opinion relied on *IKEA Supply I*, which itself requires reconsideration, according to IKEA. But this court denied IKEA's motion for reconsideration in *IKEA Supply I*. *See IKEA Supply AG v. United States*, 41 CIT __, Slip Op. 17-8 (Jan. 31, 2017). Thus, IKEA's first argument is now inapplicable. IKEA's second argument—that Commerce erred by failing to deem the cabinet/drawers handles eligible for the "finished goods kit" exclusion—also fails.

IKEA raised this argument in its initial motion for judgment on the agency record, and it now points to no error in the court's rejection of that argument. Mem. in Supp. of Pl. Mot. for J. on Agency R. 13–15, ECF No. 28-1.  And because "the purpose of a rehearing is not to relitigate the case," this court will not again consider the argument.

      Accordingly, IKEA provides no adequate basis for reconsideration, and it is hereby ORDERED that IKEA's motion for reconsideration is DENIED.

                                                /s/ Richard W. Goldberg
                                                Richard W. Goldberg
                                                Senior Judge

Dated: February 3, 2017
New York, New York